## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVEON L. GILBERT, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 25-CV-3557 |
| | : | |
| CAPITAL ONE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

YOUNGE, J.                                                    SEPTEMBER  30, 2025

Plaintiff Daveon L. Gilbert filed a *pro se* Complaint against Capital One, N.A., Michael Doughtery, and the law firm of Weltman, Weinberg, & Reis, LLP (the "Weltman Firm"), alleging claims under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), a regulation promulgated under the Fair Trade Commission Act ("FTCA"), and Pennsylvania statutory and common law claims.[1]  Gilbert seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Gilbert leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice. Gilbert will be permitted to file an amended complaint.

## I.    FACTUAL ALLEGATIONS

Gilbert states that in January of 2025, he began to dispute two "charged-off" accounts (one ending in 8060 and one ending in 6650) that Capital One reported to the three main credit

---

[1] Gilbert includes as an attachment to his Complaint a "Notice to State Court of Removal," wherein he states that a Philadelphia Municipal Court case, *Capital One, N.A. v. Gilbert*, No. SC-25-06-24-5160, "has been removed to the United States District Court for the Eastern District of Pennsylvania."  (Compl. at 4.)  As explained in this Memorandum, to the extent that Gilbert attempts to remove this state action to this Court, the removal is improper, and the Court will remand the action back to the Philadelphia Municipal Court.

reporting agencies, TransUnion, Experian, and Equifax. (Compl. at 1-2, ECF No. 2.)[2] One of the accounts "had been written off but was still showing a balance" on his credit reports. (*Id.* at 1.) Gilbert sent "formal dispute letters" to each of the three credit reporting agencies, requesting that they "look into it and verify what was being reported." (*Id.*) Capital One allegedly provided information that all three credit reporting agencies responded to as "verified and accurate." (*Id.*) Gilbert claims that he had not received anything from Capital One "showing that the debt was real, valid, and legally enforceable." (*Id.*) He contacted Capital One, which responded in a letter that "one of the accounts was valid." (*Id.*) Capital One's letter indicated that it "was for informational purposes only" and was "not an attempt to collect a debt." (*Id.*)

Because he felt that Capital One was "dancing around [his] request for real proof," Gilbert filed a complaint against the bank with the Consumer Financial Protection Bureau ("CFPB"). (*Id.*) He stated in his CFPB complaint that Capital One's "response does not meet the legal standard of verification as required under federal law" and that by "merely supplying account statements," Capital One did not satisfy its obligations. (*Id.*) Gilbert claims that Capital One continued to report the two charged-off accounts and marked both as verified, even though it never gave Gilbert a copy of the "signed contract or itemized billing" or otherwise "showed [Gilbert] that they had a right to collect or that the amount reported was correct." (*Id.* at 2.) Defendants Dougherty and the Weltman Firm allegedly filed a lawsuit against Gilbert "without verifying the debt" associated with the 8060 account.[3] (*Id.*) Gilbert claims that Dougherty and

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] A review of the docket in *Capital One, N.A. v. Gilbert*, No. SC-25-06-24-5160 reveals that Capital One filed a claim against Gilbert for an outstanding balance of $3,213.85 and that the Statement of Claim was filed by Michael J. Dougherty. *Id.* at Dkt. Entry No. 1. Michael Dougherty is listed as a shareholder of the Weltman Firm. *See* https://www.weltman.com/people-michael-j-dougherty (last accessed Sept. 15, 2025).

the Weltman Firm "acted like the debt was legitimate, collectible, and undisputed" even though

Gilbert disputed the debt, and that the Defendants used the lawsuit as a means "to pressure and

intimidate" Gilbert.  (*Id.*)  Based on these allegations, Gilbert asserts claims for violations of

FCRA, the FDCPA, and a regulation promulgated under Section 5 of the FTCA, 16 C.F.R. §

433.2.  He also asserts Pennsylvania statutory claims under the Pennsylvania Fair Credit

Extension Uniformity Act ("FCEUA") and the Pennsylvania Unfair Trade Practices and

Consumer Protection Law ("UTPCPL"), as well as state common law claims for negligence,

defamation, "willful misconduct," and "emotional distress."  (*Id.*)  Gilbert does not state what

relief he seeks.

## II.    STANDARD OF REVIEW

Because Gilbert appears to be incapable of paying the filing fees to commence this

action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The

Court must determine whether the Complaint contains "sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts

alleged in the *pro se* Complaint as true, draw all reasonable inferences in Gilbert's favor, and ask

only whether the Complaint contains facts sufficient to state a plausible claim.  *See Shorter v.

United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by

Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).

Additionally, the Court must review any claims over which subject matter jurisdiction is

lacking.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action.");  *Grp. Against Smog and Pollution, Inc. v.*

*Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Gilbert is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.   DISCUSSION

### A.   FCRA Claims

Gilbert asserts two FCRA claims against Capital One: one under 15 U.S.C. § 1681s-2 and one under 15 U.S.C. § 1681e(b). FCRA is a federal statute that governs "consumer credit reporting" and seeks "to protect consumers from the transmission of inaccurate information about them." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014) (internal quotation marks omitted). "Under FCRA, consumer reporting agencies collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Id*. Thus, in addition to regulating consumer reporting agencies, FRCA also regulates entities, like Capital One, who furnish credit information to the consumer reporting agencies. *Id*.

Gilbert asserts a claim under § 1681e(b), stating that Capital One "failed to ensure the information they reported was complete and accurate." (Compl. at 2.) Gilbert's claim under § 1681e(b) must be dismissed because that section applies only to consumer reporting agencies and not to furnishers. *See* 15 U.S.C. § 1681e(b) (stating that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.");

4

*see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information." (internal quotations omitted)); *SimmsParris*, 652 F.3d at 358. Capital One is not a consumer reporting agency as defined by FRCA.[4] Accordingly, Gilbert's claims asserted under § 1681e(b) will be dismissed.

Gilbert also asserts a claim under § 1681s-2(b), alleging that Capital One continued to report the two accounts after Gilbert disputed them and that it failed to properly verify them. To state a plausible claim against a furnisher of credit information, a plaintiff must allege that he "[1] filed a notice of dispute with a consumer reporting agency; [2] the consumer reporting agency notified the furnisher of information of the dispute; and [3] the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016), *aff'd*, 347 F. App'x 87 (3d Cir. 2017) (*per curiam*); *see also* 15 U.S.C. §§ 1681s-2(b). "[T]here must be some threshold showing of inaccuracy to make a claim against a furnisher." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 302 (E.D. Pa. 2021). "Information is 'inaccurate' within the meaning of the FCRA if it is incorrect or 'misleading in such a way and to such an extent that it can be expected to have an adverse effect.'" *Id.* (quoting *Seamans*, 744 F.3d at 865). If the furnisher fails to comply with its obligations under the Act, "the aggrieved

---

[4] Section 1681a(f) provides:

"The term consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."

consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017).

Gilbert has not plausibly stated a claim under § 1681s-2(b).  Although he states that he "sent formal dispute letters" to TransUnion, Experian, and Equifax about his Capital One Accounts (*see* Compl. at 1), he does not allege specifically what he disputes about those accounts or why the credit information was inaccurate.  *See Holland*, 574 F. Supp. 3d at 302; *Johnson v. Cap. One Auto Fin., Inc.*, No. 25-1407, 2025 WL 2524844, at *5 (E.D. Pa. Sept. 2, 2025) (dismissing § 1681s-2(b) claim against Capital One where the plaintiff "has not alleged facts to suggest that the information Capital One furnished to TransUnion was inaccurate").  Gilbert's allegation that the account was written off but still showed a balance is, without more, insufficient to allege inaccuracy.  *Shechter v. Experian Info. Sols., Inc*., No. 20-5552, 2021 WL 323302, at *3 (D.N.J. Jan. 31, 2021) (rejecting argument that a credit report showing a past due balance on a charged-off account is inaccurate and misleading where the plaintiff's report also reflected a $0 monthly payment obligation).  Nor does Gilbert allege that the credit reporting agencies provided notice to Capital One about the dispute over the accounts.  *See SimmsParris*, 652 F.3d at 358 (explaining that the notice "must be given by a credit reporting agency and cannot come directly from the consumer").  To the contrary, the basis for Gilbert's claim appears to be that he "reached out to Capital One directly" but they failed to respond appropriately to his inquiry.  (Compl. at 1.)  Accordingly, the Court will dismiss Gilbert's § 1681s-2(b) claim but permit him to amend this claim if he can allege facts to cure the deficiencies noted by the Court.

### B.    FDCPA Claims

Gilbert also asserts two FDCPA claims against Dougherty and the Weltman Firm:  one under 15 U.S.C. § 1692e and one under 15 U.S.C. § 1692g.  The FDCPA "provides a remedy for

consumers who have been subjected to abusive, deceptive or unfair debt collection practices by

debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005).  To state

a claim under the FDCPA, a plaintiff must allege that (1) he or she "is a consumer, (2) the

defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to

collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the

FDCPA in attempting to collect the debt." *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466,

470 (3d Cir. 2021) (internal citation omitted).  Where a plaintiff fails to allege facts supporting

each of these elements, the FDCPA claim is not plausible.  *See Humphreys v. McCabe Weisberg*

*& Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that the FDCPA

claim was not pled based on "conclusory and speculative statements that cannot survive a motion

to dismiss").

Gilbert does not allege plausible FDCPA claims.  First, he has not alleged that Dougherty

or the Weltman Firm are debt collectors.  A "debt collector" is defined by the FDCPA as "any

person" who "uses any instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts" or "regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15

U.S.C. § 1692a(6); *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 365-66 (3d Cir. 2018).  The

Complaint contains no facts about whether or how Dougherty or the Weltman Firm collects or

attempts to collect debts owed to others, which is not sufficient to state a plausible claim.  *See*

*Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016)

(affirming dismissal of FDCPA claim where "the complaint alleges, in a conclusory fashion, that

the [defendant] is a 'debt collector' by quoting the relevant definition from the FDCPA" but

"provides no factual allegations that suggest [the defendant] regularly collects or attempts to collect debts owed to another").

Even if Gilbert had properly alleged that Dougherty or the Weltman Firm were debt collectors, his FDCPA claims still fail because he does not plausibly allege that Defendants violated a provision of the FDCPA in attempting to collect a debt.  Gilbert states that Dougherty and the Weltman Firm filed a lawsuit against him "without verifying the debt related to the Capital One account 8060," and that they used the lawsuit to "pressure and intimidate" in violation of § 1692e and 1692g.  (Compl. at 2.)  Section 1962e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  Section 1692g sets forth the procedures and responsibilities for a consumer and a debt collector when a consumer disputes the validity of a debt with a debt collector.  *See* 15 U.S.C. § 1692g(a)-(e).  Nowhere in the Complaint does Gilbert allege that Dougherty or the Weltman Firm made a false, deceptive or misleading representation in attempting to collect a debt from Gilbert.  Nor does the Complaint contain any allegations about Gibson specifically disputing the Capital One debt to Dougherty or the Weltman Firm.  Gilbert simply cites §§ 1692e and 1692g but alleges no conduct on the part of Dougherty or the Weltman Firm that is actionable under these provisions.  His conclusory statements that these Defendants violated §§ 1692e and 1692g by filing a lawsuit against him does not state a plausible claim.  *See Shareef v. Consumer Portfolio Servs. Inc.*, No. 21-4039, 2021 WL 5823011, at *3 (E.D. Pa. Dec. 7, 2021) ("Citing to the [FDCPA] and repeating the language contained in the law is insufficient to state a claim without a description of what actions CPS took to give rise to the claim against it.").  Accordingly, the Court will dismiss Gilbert's FDCPA claims asserted against Dougherty and the

Weltman Firm without prejudice and permit him to amend the claims if he can assert additional facts to cure the defects the Court has noted.[5]

### C.    Claims under Section 5 of the FTCA, 16 C.F.R § 433.2

Gilbert also asserts a claim under 16 C.F.R. § 433.2, which is a regulation promulgated under Section 5 of the FTCA and known as the "Holder Rule." *See Morgan v. Markerdowne Corp.*, 976 F. Supp. 301, 310 (D.N.J. 1997). The Holder Rule requires that sellers of consumer credit contracts provide notice in those contracts that the debtor's claims and defenses against the seller of the contract are made available against the holder of the contract. *See id.*; 16 C.F.R. § 433.2.[6] Gilbert states that Capital One attempted to "collect without full disclosure" and "strip [Gilbert's] defenses through sale or assignment and then sue [him] as if nothing happened." (Compl. at 2.) The Court need not decide whether Gilbert has stated a claim under the Holder Rule because there is no private right of action to enforce Section 5 of the FTCA, including its

---

[5] To the extent that Gilbert asserts FDCPA claims against Capital One, the claims are dismissed. Based on the facts alleged, Capital One is a creditor and not a debt collector, and creditors are generally not debt collectors. *See Tepper*, 898 F.3d at 366 ("Creditors—as opposed to 'debt collectors'—generally are not subject to the [Act].").

[6] Section 433.2 provides in relevant part:

In connection with any sale or lease of goods or services to consumers, in or affecting commerce as "commerce" is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the meaning of section 5 of that Act for a seller, directly or indirectly, to:

(a) Take or receive a consumer credit contract which fails to contain the following provision in at least ten point, bold face, type:

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF . . . .

9

regulations, such as the Holder Rule.  *See Taggart v. GMAC Mortg., LLC*, No. 12-415, 2012 WL 5929000, at *6 (E.D. Pa. Nov. 26, 2012) (dismissing claim asserted under § 5 of FTCA "because private parties are not authorized to file enforcement actions, only the FTC has that authority"); *see also Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000) ("The FTC Holder Rule was adopted pursuant to § 5 of the Federal Trade Commission Act . . . [and] Courts have uniformly held that a private right of action does not exist under § 5 of the FTCA."); *Hunt v. Key Bank USA, N.A.*, No. 10-14111, 2012 WL 13015124, at *3 (S.D. Fla. Feb. 6, 2012) (stating the Holder Rule does not give rise to a private right of action and citing cases). Accordingly, the Court will dismiss Gilbert's claim asserted under 16 C.F.R. § 433.2.

### D.    State Claims

Gilbert also asserts Pennsylvania statutory claims under the UTPCPL and FCEUA, and Pennsylvania common law claims for negligence, defamation, willful misconduct, and emotional distress.  Except for the FCEUA claim, which is asserted against Capital One only, the remaining state law claims are asserted against all Defendants.  (*See* Compl. at 2.)

All state law claims asserted against Capital One must be dismissed as statutorily preempted by FCRA.  Gilbert asserts FCRA claims against Capital One, a furnisher, under 15 U.S.C. § 1681s-2.  FCRA provides that "no requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681-s of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  15 U.S.C. § 1681t(b)(1)(F).  In other words, FCRA preempts any state law claims that could be asserted against furnishers if those claims relate in any way to their responsibilities under FCRA.  *Id.*; *see also Cheadle v. Experian*, No. 20-18183, 2021 WL 3144843, at *4 (D.N.J. July 26, 2021) ("Although not yet directly addressed by the Third Circuit,

several other circuit courts have held that § 1681t(b)(1)(F) preempts all state and common law claims against furnishers of information with respect to all subject matter regulated under § 1681s-2." (citing cases)).  Courts, including those in this district, "have interpreted . . . [§ 1681t(b)(1)(F)] to bar all state claims, whether statutory or common-law based."  *Rivas v. L&N Builders Grp., Inc.*, No. 22-7544, 2023 WL 4014290, at *3 (D.N.J. June 15, 2023) (citations and quotations omitted); *see also Havassy v. Mercedes-Benz Fin. Servs. USA, LLC*, 432 F. Supp. 3d 543, 547 (E.D. Pa. 2020) ("Multiple district courts within the Third Circuit have likewise adopted this conclusion and found that Section 1681t(b)(1)(F) preempts both state statutory and common law claims against furnishers of information acting under Section 1681s-2." (citing cases)); *Grossman v. Trans Union, LLC*, 992 F. Supp. 2d 495, 500 (E.D. Pa. 2014) (finding that Section 1681t(b)(1)(F) preempts all state law claims with respect to all subject matter regulated under Section 1681s-2 against furnishers of information to credit reporting agencies).

The specific state law statutory and common law claims asserted by Gilbert against Capital One are preempted by FCRA.  *See Vullings v. Trans Union, LLC*, 115 F. Supp. 3d 538, 543 (E.D. Pa. 2015) (state law defamation claim preempted); *Grossman*, 992 F. Supp. 2d at 500 (state law defamation and negligence claims preempted); *LeBoon v. DS Waters of Am., Inc.*, No. 20-5268, 2021 WL 1193239, at *3 (E.D. Pa. Mar. 30, 2021) (intentional infliction of emotional distress claims preempted); *Sassaman v. Rushmore Loan Mgmt. Servs., LLC*, No. 1:15-CV-01487, 2016 WL 6563665, at *3 (M.D. Pa. Nov. 4, 2016) (FCEUA and UTPCPL claims preempted).  Accordingly, the Court will dismiss all of Gilbert's state law claims asserted against Capital One.  Leave to amend will not be granted.  *See Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 296 n.10 (3d Cir. 2014) (holding amendment would be futile where the state-law claim was preempted).

Unlike Gilbert's state law claims against Capital One, his state law claims against Dougherty and the Weltman Firm are not statutorily preempted by the FDCPA. *See Desmond v. Phillips & Cohen Assocs., Ltd.*, 724 F. Supp. 2d 562, 567 (W.D. Pa. 2010); *Chung v. Shapiro & Denardo, LLC*, No. 14-6899, 2015 WL 3746332, at *3 (D.N.J. June 15, 2015) (stating that the FDCPA only preempts inconsistent state laws and not state laws that "impose additional restrictions"). Nevertheless, because the Court has dismissed all of Gilbert's federal claims, the only independent basis for jurisdiction over his remaining state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over civil actions between citizens of different states. Complete diversity is required, meaning Gilbert would have to allege that he is a citizen of a state different from each of the Defendants. *See Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). The citizenship of partnerships and other unincorporated associations including an LLC, such as the Weltman Firm, is determined by the citizenship of its partners or members. *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 ("[T]he citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." (internal quotation marks omitted)). Gilbert does not specifically state the citizenship of the parties to his Complaint. However, he does provide Pennsylvania addresses for himself and for Dougherty and the Weltman Firm. (*See* Compl. at 3, 5.) Accordingly, it appears that both Gilbert and at least two of the Defendants are citizens of Pennsylvania such that diversity jurisdiction does not exist over any state claims Gilbert asserts.

E.    **Removal of Municipal Court Matter**

To the extent that Gilbert intended to remove to this Court his Philadelphia Municipal Court action, *Capital One, N.A. v. Gilbert*, No. SC-25-06-24-5160, the matter will be remanded back to the Municipal Court. A defendant "may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). Further, pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Court "has a continuing obligation to *sua sponte* raise the issue of subject matter jurisdiction if it is in question." *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).

In his "Notice to State Court of Removal," Gilbert does not specify a basis for this Court's jurisdiction. The Court understands his "Complaint with Counterclaims," wherein he asserts claims (or counterclaims) under the FCRA, FDCPA, to be an attempt to establish federal jurisdiction over the Municipal Court matter. However, "[i]n order for a case to be removable under § 1441 and § 1331, the well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint." *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 113 (3d Cir. 1990) (quotations omitted); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004). In other words, the federal question must have been presented on the face of the Municipal Court claim filed by Capital One. In contrast, a defendant's intention to raise federal defenses to the claims against him or to file a third-party complaint does not establish a basis for removal. *See Bracken*, 296 F.3d at 163-64. It is apparent from the face

13

of Capital One's claim filed in the Philadelphia Municipal Court, which is for the payment of an outstanding credit card balance, that it is based entirely on state breach of contract law. *See Capital One, N.A. v. Gilbert*, No. SC-25-06-24-5160. Thus, to the extent Gilbert intends to invoke this Court's jurisdiction under § 1331 based on federal defenses to the underlying state court action based on federal law, he may not do so. Additionally, even if Gilbert sought to invoke diversity jurisdiction, it is apparent from the face of the underlying municipal court claim that the parties are not diverse and that the amount in controversy does not meet the statutory threshold. *See* 28 U.S.C. § 1332(a)(1). Accordingly, subject matter jurisdiction is lacking, and the Court will remand *Capital One, N.A. v. Gilbert*, No. SC-25-06-24-5160 to the Philadelphia Municipal Court.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Gilbert leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice. The following claims are dismissed with prejudice:  claims asserted under § 1681e(b) of FCRA, claims asserted under 16 C.F.R. § 433.2, and all state law claims asserted against Capital One. Gilbert's state law claims asserted against Dougherty and the Weltman Firm are dismissed without prejudice for lack of subject matter jurisdiction. The claims asserted under § 1681s-2(b) of FCRA and all FDCPA claims are dismissed without prejudice. Gilbert may file an amended complaint to reassert the claims dismissed without prejudice if he can allege facts to cure the deficiencies noted by the Court. An appropriate Order follows.

**BY THE COURT:**

 _/s/ *John Milton Younge*_____
**JOHN M. YOUNGE, J.**

14