IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVEON L. GILBERT,** :  | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-3557 |
| : | |
| **CAPITAL ONE,** *et al.*, : | |
| Defendants. : | |

## ORDER

AND NOW, this 30th day of September, 2025, upon consideration of Plaintiff Daveon L. Gilbert's Motion to Proceed *In Forma Pauperis* (ECF No. 1), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED IN PART WITH PREJUDICE** and **DISMISSED IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum, as follows:

    a. Claims asserted under 15 U.S.C. § 1681e(b), claims asserted under 16 C.F.R. § 433.2, and all state claims asserted against Capital One are **DISMISSED WITH PREJUDICE**.

    b. All claims asserted under 15 U.S.C. § 1681s-2(b) and all claims asserted under the Fair Debt Collection Practices Act ("FDCPA") are **DISMISSED WITHOUT PREJUDICE**.

    c. All state law claims asserted against Michael J. Dougherty and the law firm of Weltman, Weinberg & Reis, LLP are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

4.  To the extent Gilbert attempts to remove the Municipal Court case, *Capital One, N.A. v. Gilbert*, No. SC-25-06-24-5160, that case is **REMANDED** to Philadelphia Municipal Court, pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

5.  Gilbert may file an amended complaint within thirty (30) days of the date of this Order only as to those claims dismissed without prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Gilbert's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. **<u>Gilbert may not reassert a claim that has already been dismissed from this case with prejudice</u>**. When drafting his amended complaint, Gilbert should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

6.  The Clerk of Court is **DIRECTED** to send Gilbert a blank copy of the Court's form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Gilbert may use this form to file his amended complaint if he chooses to do so.

7.  If Gilbert does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the

district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8. If Gilbert fails to file any response to this Order, the Court will conclude that he intends to stand on his Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ *John Milton Younge*
**JOHN M. YOUNGE, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013).